**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq., U.S.D.C. NJ Attorney ID No.: 33439
Louis J. Keleher, Esq., U.S.D.C. NJ Attorney ID No.: 244652017
105 Morris Avenue, Suite 201
Springfield, New Jersey 07081
Tel: (973) 258-0064
Fax: (973) 258-0478
ljk@till-law.com
*Attorneys for Plaintiff*
        *Richard Sin*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

|  |  |
|---|---|
| RICHARD SIN, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | |
| 1 OF 1 MEDIA, LLC, SAMIER CONTE CHAVEZ, JOHN DOES 1-10, and JANE DOES 1-10, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, RICHARD SIN (hereinafter "Plaintiff"), by and through his counsel by way of Complaint against the Defendants, 1 OF 1 MEDIA, LLC, SAMIER CONTE CHAVEZ, JOHN DOES 1-10, AND JANE DOES 1-10 (hereinafter "Defendants") hereby says:

## THE PARTIES

1.      Plaintiff, RICHARD SIN, is a citizen of the State of New Jersey who resides at 310 Mack Place, New Milford, New Jersey 07646-1235 resided in the County of Bergen during all times relevant to this Complaint.

2.      Upon information and belief Defendant, 1 OF 1 MEDIA, LLC (hereinafter "Defendant, 1 of 1 Media, LLC"), is a fictious limited liability company alleging a its principal place of business is located at 14252 Culver Drive, Irvine, California 92604.

3.      An investigation into the address of 14252 Culver Drive, Irvine California discloses a shopping center, entitled "Heritage Plaza," which is vacant of any no retail units/locations claiming to belong to Defendant, 1 of 1 Media, LLC.

4.      Defendant, SAMIER CONTE CHAVEZ, (hereinafter "Defendant, Chavez") is an individual who upon information and belief is presently residing at 102 Avento, Irvine California 92602-1872.

5.      Defendant, JOHN DOES 1-10, are unknown individuals whom at all relevant times as alleged in the Complaint herein, assisted and were complicit with the efforts made by the Defendant, SAMIER CONTE CHAVEZ to defraud the Plaintiff.

6.      Defendant, JANE DOES 1-10, are unknown individuals whom at all relevant times as alleged in the Complaint herein, assisted and were complicit with the efforts made by the Defendant, SAMIER CONTE CHAVEZ to defraud the Plaintiff.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

8.      The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. 1391(a) because the Plaintiff resides here and a substantial part of the events or omissions giving rise to the case occurred in the District of New Jersey.

## FACTS RELEVANT TO ALL COUNTS

10.     During early November 2021, a friend of the Plaintiff contacted the Plaintiff communicating that he had a great investment opportunity for the Plaintiff and subsequently introduced the Plaintiff to Defendant, Chavez.

11.     On or about November 16, 2021, the Plaintiff participated in a telephone conference with Defendant, Chavez, who explained to the Plaintiff that he was raising capital to purchase liquidated products from shipping containers for re-sale at auction, which were allegedly were available to Defendant, Chavez to purchase for "8 cents on the dollar," to thereupon proceed with a re-sale of the liquidated products to "groups with outlets."

12.     Accordingly, on November 17, 2021, the Plaintiff entered into a "Loan Agreement" with Defendant, 1 of 1 Media, LLC, which was executed by the Plaintiff and Defendant, Chavez. A true and accurate copy of the "Loan Agreement" dated November 17, 2021 is annexed hereto as "**Exhibit A**."

13.     The "Loan Agreement," dated November 17, 2021 stated: "For value received, the undersigned 1 of 1 media (the "Borrower"), at 14252 culver dr, Irvine, California 92604, promises to pay to the order of Richard sin (the "Lender"), at 301 w 45th 14E, New york, New York 10036 (or at such other place as the Lender may designate in writing), the sum of $50,000.00 with interest from November 17, 2021, on the unpaid principal at the rate of 40% per month." See "**Exhibit A**".

14.     With specific respect to the "Loan Agreement," dated November 17, 2021's terms of repayment, it is stated, as follows: "The unpaid principal and accrued interest shall be payable in full on December 01, 2021 (the "Due Date")." See "**Exhibit A**".

15.     Immediately thereafter, the Plaintiff proceeded to wire Defendant, Chavez $50,000.00.

16.    Defendant, Chavez then for the very first time disclosed to the Plaintiff that his bank account's name was under "1 of 1 media llc" and further failing to provide any additional information to the Plaintiff in this regard.

17.    On or about November 25, 2021, the Plaintiff commenced discussions with Defendant, Chavez about the opportunity to re-invest his present principal and proceeds from the first "Loan Agreement," dated November 17, 2021, as well as the opportunity to invest additional funds with Defendant, Chavez.

18.    Ultimately Defendant, Chavez, agreed to take the proceeds from the Plaintiff's "Loan Agreement," dated November 17, 2021 which totaled approximately $70,000.00, as well an additional $30,000.00 and entered into another "Loan Agreement" with the Plaintiff dated November 29, 2021. A true and accurate copy of the "Loan Agreement," dated November 29, 2021 is annexed hereto as "**Exhibit B**."

19.    The "Loan Agreement," dated November 29, 2021 provided: "For value received, the undersigned 1 of 1 media (the "Borrower"), at 14252 culver dr, Irvine, California 92604, promises to pay to the order of Richard sin (the "Lender"), at 301 w 45th 14E, New york, New York 10036 (or at such other place as the Lender may designate in writing), the sum of $100,000.00 with interest from November 19, 2021, on the unpaid principal at the rate of 40% per month." See "**Exhibit B**".

20.    With specific respect to the "Loan Agreement," dated November 29, 2021's terms of repayment, it is stated, as follows: "The unpaid principal and accrued interest shall be payable in full on December 01, 2021 (the "Due Date")". See "**Exhibit B**".

21.    On November 27, 2021, the Plaintiff transmitted via wire transfer an additional $30,000.00 to Defendant, Chavez.

22.    Despite numerous communications regarding the verification and existence of the investment loans, and demands for repayment of the "Loan Agreement," dated November 21, 2021, Defendant, Chavez has failed to remit any monies to the Plaintiff, and since said demands has failed to respond to any correspondence issued by the Plaintiff.

23.    As of the filing of this instant Complaint, the Plaintiff is owed approximately $401,333.34, as a result of Defendant, Chavez refusal to honor the "Loan Agreement," dated November 29, 2021, which has been calculated, as follows:

| **REASON** | **AMOUNT** |
|:---:|:---:|
| Unpaid Principal | $100,000.00 |
| Interest On Unpaid Principal (40% per month) November 19, 2021 - December 19, 2021 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) December 19, 2021 - January 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) January 19, 2022 - February 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) February 19, 2022 - March 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) March 19, 2022 - April 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) April 19, 2022 - May 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) May 19, 2022 - June 19, 2022 | $40,000.00 |
| Interest On Unpaid Principal (40% per month) June 19, 2022 - July 5, 2022 | $21,333.34 |
| Total To Date: | **$401,333.34** |

24.    Defendant, 1 of 1 Media, LLC is believed to be a fictitious limited liability company, however if actually existing, there is no doubt that Defendant, 1 of 1 Media, LLC is the "alter ego" of Defendant, Chavez thereby piercing the corporate veil.

25.     Pursuant to established jurisprudence, under New Jersey law "piercing the corporate veil is an equitable remedy through which the Court may impose liability on an individual or an entity normally subject to the limited liability protections of the corporate form." The Mall at IV Grp. Props., L.L.C. v. Roberts, No. 02-4692, 2005 U.S. Dist. LEXIS 31860, 2005 WL 3338369 at *3 (D.N.J. Dec. 8, 2005).

26.     In certain situations, the corporate veil may be pierced, as a tool of equity, to disregard the existence of a corporation and impose liability on the corporation's individual principals and their personal assets. See, e.g., Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 171 (3d Cir. 2002); Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1069 (3d Cir. 1979).

27.     The alter ego doctrine for piercing the corporate veil permits derivative liability to be placed upon a corporation's individuals. United States v. Bestfoods, 524 U.S. 51, 64 (1998).

28.     To pierce the corporate veil two elements must be shown: (1) There must be such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote an injustice. Mall at IV Group Props., LLC v. Roberts, 2005 U.S. Dist. LEXIS 31860, 2005 WL 3338369, at *3.

29.     Piercing the corporate veil is an extraordinary measure and will only be permitted where the elements have been adequately pled. See Wrist Worldwide Trading GMBH v. MV Auto Banner, No. 10-2326, 2011 U.S. Dist. LEXIS 127655, 2011 WL 5414307, at *5-6 (D.N.J. Nov. 4, 2011)("Parroting of the alter-ego factors alone is insufficient to satisfy the required pleading standards.")

30.    "In order to succeed on an alter ego theory of liability, plaintiffs must essentially demonstrate that, in all aspects of the business, the [] corporations actually functioned as a single entity and should be treated as such." Pearson v. Component Tech. Corp., 247 F.3d 471, 485 (3d Cir. 2001).

31.    The Third Circuit has required an element of fraudulent intent in its alter ego test, as well as the traditional requirement that the corporation and its subsidiaries operated as a single economic entity (the "single entity test"). Trevino v. Merscorp, Inc., 583 F. Supp. 2d 521, 528 (D. Del. 2008); See Also SRI Int'l, Inc. v. Internet Sec. Sys., Inc., Civ. No. 04-1199, 2005 U.S. Dist. LEXIS 6797, 2005 WL 851126, at *3 (D. Del. Apr. 13, 2005).

32.    Under the single entity test, the United States Court of Appeals for the Third Circuit has enunciated seven factors in determining whether a corporation operated as a single economic entity: (1) gross undercapitalization; (2) failure to observe corporate formalities; (3) non-payment of dividends; (4) insolvency of the debtor corporations at the time; (5) siphoning of the corporation's funds by the dominant stockholder; (6) absence of corporate records; and (7) whether the corporation is merely a facade. United States v. Pisani, 646 F.2d 83, 88 (3d Cir. 1981) (approving the federal alter ego factors used by the 4th Circuit in DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 686-87 (1976)); See Also Trustees of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk, 332 F.3d 188, 194 (3d Cir. 2003).

33.    While the list of factors is not exhaustive and no single factor is dispositive, some combination is required, and an overall element of fraud, injustice, or unfairness must always be present. Trevino, 583 F. Supp. 2d at 529 (citing United States v. Golden Acres, Inc., 702 F. Supp. 1097, 1104 (D. Del. 1988)).

34.     Additionally, the fraud, injustice, or unfairness requirement under federal law was clarified in Lutyk, in which the United States Court of Appeals for the Third Circuit held that no actual fraud is required to pierce the corporate veil, merely an element of injustice or fundamental unfairness. Lutyk, 332 F.3d at 194.

35.     At present the Plaintiff is without and otherwise unable to locate any formation documents for 1 of 1 Media, LLC, knows Defendant, Chavez to be the only member of Defendant, 1 of 1 Media, LLC (if it exists), and cannot locate any open and notorious places of business for Defendant, 1 of 1 Media, LLC.

36.     Additionally, the Plaintiff is personally aware of at least one other person who has also been defrauded by Defendant, Chavez using Defendant, 1 of 1 Media, LLC.

37.     The Plaintiff further avers, based on a search of corporate records of the States of California and Texas, that no business records exist for Defendant, 1 of 1 Media, LLC and that based on the Defendants failure to honor the terms of the "Loan Agreement" dated November 19, 2022, coupled with his knowledge as further set forth above, the Plaintiff believes 1 of 1 Media to be the alter ego of Defendant, Chavez, therefore subjecting him to personal liability for his failure to honor the "Loan Agreement," dated November 29, 2021. See The Mall at IV Grp. Props., L.L.C., at *3.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
*Against All Defendants*

38.     The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

39.     The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. See "**Exhibit B**".

40.    The Defendants have defaulted on the "Loan Agreement" dated November 29, 2021, by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

41.    As a result of the Defendants breach, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(a) For compensatory damages in an amount to be determined

at trial plus accrued interest;

(b) For punitive and consequential damages in an amount to be

determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem

equitable and just.

### SECOND CAUSE OF ACTION
### EQUITABLE FRAUD AND MISREPRESENTATION
### *Against All Defendants*

42.    The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

43.    The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. See "**Exhibit B**".

44.    The Defendants knowingly made false and material misrepresentations and willful omissions to the Plaintiff in order to induce the Plaintiff into entering into the "Loan Agreement" dated November 29, 2021.

45.    Specifically, Defendant, Chavez represented that he was flipping "liquidated inventory" for profit, an intentional misrepresentation and lie which he used to further to induce the Plaintiff into entering into the "Loan Agreement" dated November 29, 2021.

46.    Defendant, Chavez's representations were and continue to be materially false.

47.    The Defendants were fully aware and knew that their representations were false and misleading, fully understanding that the Plaintiff would rely upon same to his detriment.

48.    Additionally, the Defendants have defaulted on the "Loan Agreement" dated November 29, 2021 by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

49.    As a result of the Defendants' fraudulent conduct, the Plaintiff has sustained substantial damages.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(a) For compensatory damages in an amount to be determined at trial plus accrued interest;

(b) For punitive and consequential damages in an amount to be determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem equitable and just.

### THIRD CAUSE OF ACTION
## FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### *Against All Defendants*

50.     The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

51.     The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. See "**Exhibit B**".

52.     The Defendants have defaulted on the "Loan Agreement" dated November 29, 2021 by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

53.     Accordingly, the Defendants have breached the Implied Covenant Of Good Faith and Fair Dealing that is incorporated into all contracts.

54.     As a result of the Defendants' breach, the Plaintiff has sustained substantial damages.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(a) For compensatory damages in an amount to be determined at trial plus accrued interest;

(b) For punitive and consequential damages in an amount to be determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem equitable and just.

## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### *Against All Defendants*

55.    The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

56.    The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. See "**Exhibit B**".

57.    The Defendants have defaulted on the "Loan Agreement" dated November 29, 2021 by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

58.    As a result of the Defendants conduct as set forth above, the Defendants have been unjustly enriched.

59.    As a result of the Defendants' breach, the Plaintiff has sustained substantial damages.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(a) For compensatory damages in an amount to be determined at trial plus accrued interest;

(b) For punitive and consequential damages in an amount to be determined at trial;

(c) For attorneys' fees and costs; and

(d) For such other and further relief as this Court may deem equitable and just.

## FIFTH CAUSE OF ACTION
### CONVERSION
### *Against All Defendants*

60.     The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

61.     The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. See "**Exhibit B**".

62.     On information and belief, Defendants did not use Plaintiff's monies for that purpose and instead retained some portion or all of that money for himself.

63.     The Defendants have defaulted on the "Loan Agreement" dated November 29, 2021 by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

64.     Defendants were without any authorization to retain Plaintiff's assets and thus exercised unlawful dominion over Plaintiff's property.

65.     Plaintiff made demands upon the Defendants for return of his property.

66.     As a result of the Defendants unlawful use and continued retention of Plaintiff's property, the Plaintiff has sustained substantial damages.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(a) For compensatory damages in an amount to be determined

at trial plus accrued interest;

(b) For punitive and consequential damages in an amount to be

determined at trial;

(c) For attorneys' fees and costs; and

(d) For such and further relief as this Court may deem equitable and just.

## SIXTH CAUSE OF ACTION
### PUNITIVE DAMAGES
### *Against All Defendants*

67.     The Plaintiff repeats and realleges each and every foregoing allegation of the Complaint as if more fully set forth at length herein.

68.     The Defendants and the Plaintiff entered into a "Loan Agreement," dated November 29, 2021. <u>See</u> "**Exhibit B**".

69.     The Defendants knowingly made false and material misrepresentations and willful omissions to the Plaintiff in order to induce the Plaintiff into entering into the "Loan Agreement" dated November 29, 2021.

70.     Specifically, Defendant, Chavez represented that he was flipping "liquidated inventory" for profit, an intentional misrepresentation and lie which he used to further to induce the Plaintiff into entering into the "Loan Agreement" dated November 29, 2021.

71.     Defendant, Chavez's representations were and continue to be materially false.

72.     The Defendants were fully aware and knew that their representations were false and misleading, fully understanding that the Plaintiff would rely upon same to his detriment.

73.     Additionally, the Defendants have defaulted on the "Loan Agreement" dated November 29, 2021 by failing to remit and return any monies back to the Plaintiff, after numerous demands being made.

74.     As a result of the Defendants unlawful use and continued retention of Plaintiff's property, the Plaintiff has sustained substantial damages.

75.     At all times material hereto, the Defendants, jointly and severally, individually and/or through their respective agents, servants, workmen and/or employees, acted in an outrageous, willful and grossly careless and negligent manner with unreasonable disregard for the property of the Plaintiff.

76.     As a result of the outrageous, willful, and grossly careless conduct of the Defendants, in which the harm suffered to the Plaintiff was the result of the Defendant's acts or omissions and such acts or omissions were actuated by actual malice and accompanied by a wanton and willful disregard and reckless indifference to the rights and welfare of the Plaintiff's property, the Plaintiff is entitled to punitive damages against the Defendants, jointly and severally pursuant to N.J.S.A. § 2A:15-5.12.

**WHEREFORE**, Plaintiff demands judgment for damages against demand judgment against all Defendants, as follows:

(e)  For compensatory damages in an amount to be determined at trial plus accrued interest;

(f)  For punitive and consequential damages in an amount to be determined at trial;

(g)  For attorneys' fees and costs; and

(h)  For such other and further relief as this Court may deem equitable and just.

**LAW OFFICES OF PETER W. TILL**
*Attorneys for Plaintiff*
*Richard Sin*

By: */s/Louis J. Keleher*_____
Louis J. Keleher

Dated: July 5, 2022

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

LAW OFFICES OF PETER W. TILL
*Attorneys for Plaintiff*
*Richard Sin*

By: */s/Louis J. Keleher*        
        Louis J. Keleher

Dated: July 5, 2022

## DEMAND FOR INSURANCE COVERAGE

Demand is now made upon the Defendants to provide complete copies of their insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

LAW OFFICES OF PETER W. TILL
*Attorneys for Plaintiff*
*Richard Sin*

By: */s/Louis J. Keleher*        
        Louis J. Keleher

Dated: July 5, 2022

## CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any action pending in any Court or of a pending arbitration proceeding. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF PETER W. TILL
*Attorneys for Plaintiff*
*Richard Sin*

By: */s/Louis J. Keleher*        
        Louis J. Keleher

Dated: July 5, 2022

# EXHIBIT A

## *LOAN AGREEMENT*

$50,000.00                                    Date: November 17, 2021

For value received, the undersigned 1 of 1 media (the "Borrower"), at 14252 culver dr, Irvine, California 92604, promises to pay to the order of Richard sin (the "Lender"), at 301 w 45th 14E, New york, New York 10036 (or at such other place as the Lender may designate in writing), the sum of $50,000.00 with interest from November 17, 2021, on the unpaid principal at the rate of 40% per month.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on December 01, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

    8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without

notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

### VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Texas.

### VIII. SIGNATURES

This Note shall be signed by Samier Chavez , on behalf of 1 of 1 media and Richard sin .

This Loan Agreement is executed and agreed to by:

*Samier Chavez*

Samier Chavez
samierintermark@gmail.com
November 17, 2021 at 04:43 pm
Recorded at IP 73.179.233.243

*Richard Sin*

Richard Sin
richardsin7@gmail.com
November 17, 2021 at 04:45 pm
Recorded at IP 98.7.206.16

# EXHIBIT B

# *LOAN AGREEMENT*

$100,000.00                                Date: November 29, 2021

For value received, the undersigned 1 of 1 media (the "Borrower"), at 14252 culver dr, Irvine, California 92604, promises to pay to the order of Richard sin (the "Lender"), at 301 w 45th 14E, New york, New York 10036 (or at such other place as the Lender may designate in writing), the sum of $100,000.00 with interest from November 19 2021, on the unpaid principal at the rate of 40% per month.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on December 01, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

    8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without

notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Texas.

## VIII. SIGNATURES

This Note shall be signed by Samier Chavez , on behalf of 1 of 1 media and Richard sin .

This Loan Agreement is executed and agreed to by:

*Samier Chavez*
_____

Samier Chavez
samierintermark@gmail.com
November 29, 2021 at 09:43 pm
Recorded at IP 73.179.233.243

*RichardSin*
_____

Richard Sin
richardsin7@gmail.com
November 29, 2021 at 10:17 pm
Recorded at IP 98.7.206.16